UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jaiden Barnes,                                                    Case No. 3:26-cv-15

　　　　　　　　Plaintiff,

　　v.                                                           ORDER

Wal-Mart Transportation, LLC, et al.,

　　　　　　　　Defendants.

The parties' joint motion for stipulated protective order is denied without prejudice.  (Doc. No. 15).  Specifically, I reject, in part, Sections 8 and 12, (*see* Doc. No. 15-1 at 7-10), because they contain provisions I conclude to be at odds with the Local Rules of the Northern District of Ohio, my Standing Order regarding discovery disputes, and *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016).

First, as restated in this case's Case Management Order, I maintain the following Standing Order regarding discovery disputes:

> No motion relating to discovery may be filed without leave of court.  If counsel cannot resolve a discovery dispute despite their good faith efforts, they should email me a joint letter (Helmick_Chambers@ohnd.uscourts.gov) summarizing the nature of the dispute and their efforts to resolve it.  After I review the joint submission, my chambers will contact counsel regarding next steps toward resolution.

(Doc. No. 12 at 2).  This accords with this District's Local Rule 37.1, which generally disfavors additional legal memoranda and sets forth informal procedures for handling discovery disputes.  I consider a dispute over a confidentiality designation to be a "discovery dispute."  Because the parties' Section 12 proposal that "[i]n the event of disagreement, . . . the designating person or

entity shall file a motion pursuant to Federal Civil Rule 26(c)" conflicts with my Standing Order and Local Rule 37.1, I reject it.  (Doc. No. 15-1 at 10).

Second, *Shane Group, Inc.* distinguishes protective orders from orders to seal and stands for the position that the court should not hastily protect documents from public disclosure.  825 F.3d at 305-06.  Through Section 8 of their proposed stipulated protective order, (*see* Doc. No. 15-1 at 7-8), the parties may inadvertently muddy the waters between protection during the discovery and adjudication stages and set forth procedures I conclude to be at odds with the "'strong presumption in favor of openness' as to court records."  *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)).

For example, in the last paragraph of Section 8, the parties propose a procedure that would effectively turn the presumption of openness on its head by inviting parties and "potentially-prejudiced" nonparties alike to object to public disclosure of not just documents that are designated as confidential under the protective order, but of <u>any</u> document counsel subjectively "believes may warrant sealing."[1]  (*Id.* at 8).  The parties offer no authority to suggest such a prophylactic measure to public disclosure and related motion practice is appropriate.  Additionally, because counsel must adhere to the Local Rules of this District, my Standing Orders, and Sixth Circuit precedent including

---

[1] Through the first paragraph of Section 8, the parties propose a separate procedure to be followed when a party seeks to file materials designated as confidential under the protective order.  (Doc. No. 15-1 at 7-8).  The existence of this alternate proposed procedure not only suggests that the alternate procedure in the last paragraph applies to documents outside the scope of the protective order, but also is itself at odds with *Shane Group, Inc.*  Under this procedure, a party seeking to file "any confidential information subject to protection under this Order" could "fil[e] a redacted document with the consent of the party who designated the document as confidential" rather than "seeking permission to file the document under seal by filing a motion for leave to file under seal."  (*Id.*).  But as the parties recognize in the second paragraph of Section 8, "[r]egardless of whether the parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or *portion thereof*."  (*Id.* at 8) (emphasis added).  If I allowed the filing party and the producing entity to determine what portions of a document to redact, I would effectively allow them to agree to seal portions of the document.  I cannot abdicate my obligations in such a manner.  *See Shane Group, Inc.*, 825 F.3d at 306 ("[A] court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it.").

2

*Shane Group, Inc.*, I conclude the remainder of Section 8 serves little purpose and may cause unnecessary confusion.  Accordingly, I reject it.

For the foregoing reasons, I deny the parties' joint motion for protective order without prejudice.  (Doc. No. 15).

So Ordered.

s/ Jeffrey J. Helmick

United States District Judge
